UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

NAFEESA H NAYLOR ET AL                CIVIL ACTION NO. 24-845

VERSUS                                JUDGE EDWARDS

GARY GILLEY ET AL                     MAG. JUDGE MCCLUSKY

## MEMORANDUM ORDER

Before the Court is a Motion for Recusal (R. Doc. 37) filed by Nafeesa Naylor ("N. Naylor") and Hah'Rizhe Naylor ("H. Naylor") (collectively, "Plaintiffs"). After careful consideration of Plaintiffs' arguments and the applicable law, the Motion for Recusal is **DENIED**.

Plaintiffs filed the instant Motion for Recusal on May 15, 2026, seeking to recuse the undersigned under 28 U.S.C. § 455. *See* R. Doc. 37. First, Plaintiffs allege that recusal is warranted on the basis that Judge Doughty previously recused, and he is the Chief Judge of the Western District of Louisiana. *See id.* at 2. Next, Plaintiffs contend that since their previous filing about anonymous letters regarding Judge Doughty, "the Court has shown personal hostility and bias, denying all motions, without, proper legal analysis." *See id.* Third, Plaintiffs allege that the Magistrate Judge and the undersigned "have created an intimidating environment, failing to apply federal laws, and targeting the *pro se* plaintiffs, rather than acting as neutral arbiters." *See id.* Lastly, Plaintiffs assert that "anonymous, sexually explicit, and threatening letters have re-surfaced." *See id.* at 3.

Recusal is unwarranted in this case. First of all, Plaintiffs misapprehend the structure of this Court and assumes that the undersigned is subordinate to Chief

Judge Doughty. *See id*. at 2. This is inaccurate. All federal district judges, including the undersigned, are coequal in their judicial function and have absolute dominion over their cases to the exclusion of any other federal district judge, including the chief judge of their district. *See In re McBryde,* 117 F.3d 208, 225–226 (5th Cir. 1997).

As to the second and third bases, the undersigned has not "bullied" Plaintiffs, nor does he have any personal bias or hostility towards Plaintiffs. In the current proceedings, the undersigned has not ruled on anything in this case other than to approve a motion to vacate the scheduling order. *See* R. Doc. 25. However, if Plaintiffs are referring to the undersigned's grant of summary judgment to Defendants in *Naylor v. Town of Rayville,* Civil Action No. 3:24-cv-00101, R. Doc. 125, that cannot form the basis of a motion for recusal in the instant case. *See Thornton v. Hughes, Watters and Askanase, LLP*, No. 16-66, 2016 WL 8710442, at *4–5 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted*, No. 16-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016); ("To the extent that Plaintiffs complain of adverse rulings, such rulings are not an adequate basis for demanding recusal."); *see also Beemer v. Holder*, No. 08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). The undersigned has applied the law to the facts and ruled as he thought appropriate. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)). If Plaintiffs are unhappy with this

Court's rulings, they can appeal them. *See id.* (noting that a judge's rulings "are proper grounds for appeal, not for recusal.").

As to the last basis, Magistrate Judge McClusky disposed of that ground for recusal by noting that N. Naylor filed those letters in the record in her other case previously before the Court, and by doing so, "made those letters part of the Court's public record, and they are available, not only for the Court's review, but for review by any member of the public." *See* R. Doc. 23 at 1. Finally, Plaintiffs Motion is denied to the extent that Plaintiffs move for an emergency protective order against a non-party for the same reasons explained by Magistrate Judge McClusky in her order denying Plaintiffs' motion for a protective order, *see* R. Doc. 33 at 6–8, and her order denying Plaintiffs' motion for recusal, *see* R. Doc. 39 at 3.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Recusal (R. Doc. 37) is **DENIED**.

**THUS DONE AND SIGNED** this 20th day of May, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**